**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ALEXANDER DIANOPOLIS**<br>989 5th Ave NE<br>Largo, FL 33770,<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES MARSHALS SERVICE**<br>Office of General Counsel<br>CG-3 15th Floor<br>Washington, DC 20530-0001<br><br>**Defendant.** | Civil Action No. 23-0592 |

**COMPLAINT**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff, Deputy United States Marshal Alexander Dianopolis ("DUSM Dianopolis") challenges the failure of defendant, the United States Marshals Service ("USMS") to provide him with all non-exempt portions of documents responsive to a FOIA request DUSM Dianopolis filed with the USMS. The requested documents related to the integrity reviews of DUSM Dianopolis that the USMS conducted, and documents reviewed by the USMS in relation to its attempt to remove DUSM Dianopolis via a Notice of Proposed Removal.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28

U.S.C. § 1331.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff DUSM Dianopolis is a resident of Largo, Florida.

5. Defendant USMS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f) and has possession and control of the records DUSM Dianopolis seeks in this action.

## STATUTORY BACKGROUND

6. FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

7. The agency must provide the public records when they are requested in order "to ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

8. An agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. The twenty-day deadline for an agency to make a determination on a request begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is 'first received by any component of the agency that is designated in the agency's regulations' . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

10. In unusual circumstances, an agency may extend the time limits the FOIA

prescribes by written notice to the person making such request that sets forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

11. The FOIA grants to requesters the right to administratively appeal any adverse determination an agency makes on their FOIA request. 5 U.S.C. § 552(a)(6)(A). Subject to some exceptions not applicable here, a requester must exhaust administrative remedies before filing suit in federal district court.

## FACTUAL BACKGROUND

*DUSM Dianapolis's Proposed Removal*

12. DUSM Dianopolis began his tenure with the USMS in April 2005.

13. He has worked in law enforcement for 24 years total, and he has served in the National Guard for more than 20 years.

14. Until October of 2021, DUSM Dianopolis had an unblemished record with the USMS.

15. On October 4, 2021, the USMS sent DUSM Dianopolis a Notice of Proposed Removal ("Notice").

16. The Notice was based upon one charge of conduct unbecoming a DUSM and four specifications underlying the charge.

17. On October 21, 2021, DUSM Dianopolis submitted a written reply to the USMS, and on November 4, 2021, participated in an oral response.

18. After reviewing the agency record, the written reply, the oral reply, and supplemental information that DUSM Dianopolis provided after the oral response to the USMS,

the USMS' deciding official did not sustain any of the specifications underlying the sole conduct unbecoming charge; and consequently, dismissed the Notice.

19. Because the USMS dismissed the Notice, the USMS restored DUSM Dianopolis to full duty status as of November 24, 2021.

*DUSM Dianopolis's FPL-13 Applications*

20. Following the Notice's dismissal, DUSM Dianopolis was a Criminal Investigator, GS-1811-12, with the USMS.

21. The USMS offers employees at the GS-12 level a merit-based promotion to GS-13, provided the candidate meets specific criteria.

22. DUSM Dianopolis satisfied all requirements for this merit-based promotion.

23. On May 11, 2021, (prior to any proposed disciplinary action against him) DUSM Dianopolis applied for the merit-based promotion to GS-13.

24. The USMS notified DUSM Dianopolis that he was not selected for the GS-13 position based upon the results of the integrity review that the USMS conducted pursuant to his application.

25. On February 1, 2022, May 10, 2022 and November 7, 2022 (after he was cleared of any wrongdoing associated with the Notice and returned to full duty status) DUSM Dianopolis submitted new applications for promotion to GS-13.

26. Each time, DUSM Dianopolis received a notification that he was not referred for the GS-13 position based upon the results of the respective integrity reviews.

*Plaintiff's FOIA Request*

27. On December 5, 2022, DUSM Dianopolis, through counsel, submitted to USMS through its online portal a FOIA request seeking:

    1. All documents related to the integrity reviews of DUSM Dianopolis conducted by the United States Marshals Service pursuant to his May 11, 2021, February 1, 2022, May 10, 2022 and November 7, 2022 FPL-13 merit promotion applications.
    2. All documents reviewed by Chief Deputy United States Marshal Virgil Rickey resulting in the October 4, 2021 Notice of Proposed Removal being issued to DUSM Dianopolis

28. Also on December 5, 2022, USMS emailed an automated response to DUSM Dianopolis's attorney assigning the request case number 2023-USMS-000092.

29. By letter dated December 7, 2022, Charlotte Luckstone, Senior Associate General Counsel and FOIA Officer for the USMS, advised DUSM Dianopolis that his FOIA request had been received and it had been assigned the new tracking number 2023-USMS-FOIA/PA-000038.

30. On February 2, 2023, Counsel for DUSM Dianopolis requested a status update with the USMS for the FOIA request.

31. On February 14, 2023, the USMS responded to the February 2 status inquiry:

> My apologies for the delay in responding to your message. A search for documents responsive has commenced and some documents have been received. They are being processed. Upon further review, more searches for [responsive documents] may occur. I cannot at this time tell you when to expect a response to your request. Be assured that the request is actively being worked. Thank you for your continued patience.

32. USMS did not provide an estimated completion date and did not disclose any "exceptional circumstances"[1] for the delay.

33. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to his December 5, 2022 request.

---

[1] "[T]he term 'exceptional circumstances' does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *See* 5 U.S.C. § 552(a)(6)(C)(ii).

## PLAINTIFF'S CLAIM FOR RELIEF

34. Plaintiff repeats and re-alleges paragraphs 1-35.

35. With his December 5, 2022 FOIA request, DUSM Dianopolis properly asked for records within the custody and control of the USMS.

36. USMS wrongfully withheld agency records requested by DUSM Dianopolis by failing to comply with the statutory time limit for making a determination on his December 5, 2022 FOIA request.

37. DUSM Dianopolis is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in his December 5, 2022 FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process plaintiff's December 5, 2022 FOIA request and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to the immediate and expedited processing and disclosure of the requested records at no cost to Plaintiff;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

                                            Respectfully submitted,

                                            */s/ Ross A. Nabatoff*
                                            Ross A. Nabatoff
                                            (D.C. Bar No. 376665)
                                            1701 Rhode Island Ave., NW
                                            Washington, D.C. 20036
                                            (202) 6-0337
                                            ross@ranlaw.com
Dated: March 3, 2023                  *Attorney for Plaintiff*

Complaint
Page 7